IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-274-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DARIO GOMEZ-JUAREZ, | ) | |
| | ) | |
| Defendant. | ) | |

On March 7, 2014, without a written plea agreement, Dario Gomez-Juarez ("Gomez-Juarez") pleaded guilty to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine (count one), distribution of a quantity of cocaine and aiding and abetting (counts two, three, four, and five), and elude examination and inspection by immigration officers (count nine). See [D.E. 174, 287]. On August 5, 2014, the court held Gomez-Juarez's sentencing hearing. See [D.E. 246, 252, 283]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR") and ruled on Gomez-Juarez's objections to the PSR [D.E. 242]. See Fed. R. Crim. P. 32(i)(3)(A)-(B); Sentencing Tr. [D.E. 283] 4–13. The court calculated Gomez-Juarez's total offense level to be 32, his criminal history category to be III, and his advisory guideline range on counts one, two, three, four, and five to be 151 to 188 months' imprisonment. See Sentencing Tr. at 4–13. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Gomez-Juarez to 180 months' concurrent imprisonment on counts one, two, three, four, and five, and 6 months' concurrent imprisonment on count nine. See id. at 16–21. Gomez-Juarez appealed. On July 7, 2015, the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment. See United States v. Gomez-Juarez, 609 F. App'x 155 (4th Cir. 2015) (per curiam) (unpublished).

On January 29, 2016, Gomez-Juarez moved for a sentence reduction under 18 U.S.C.

§ 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 322]. Gomez-Juarez's new advisory guideline range on counts one through five is 121 to 151 months' imprisonment, based on a total offense level of 30 and a criminal history category of III. See Resentencing Report. Gomez-Juarez requests a 144-month sentence on counts one, two, three, four, and five, and 6 months' imprisonment on count nine to run concurrently. See id.

The court has discretion under Amendment 782 to reduce Gomez-Juarez's sentence. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1963–68 (2018); Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Gomez-Juarez's sentence, the court finds that Gomez-Juarez engaged in serious criminal behavior involving a large quantity of illegal narcotics. See PSR ¶¶ 10–32. Moreover, Gomez-Juarez is a recidivist and has convictions for felony possession of marijuana, felony possession with intent to sell or deliver cocaine, felony maintaining a vehicle, dwelling, or place for a controlled substance, and being a felon in possession of a firearm. See id. ¶¶ 37–42. Moreover, Gomez-Juarez has performed poorly on supervision and has no virtually work history. See id. ¶¶ 39, 56–57. Nonetheless, Gomez-Juarez has not sustained any disciplinary infractions while incarcerated on his federal sentence. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

2

Having reviewed the entire record and all relevant policy statements, the court finds that Gomez-Juarez received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Gomez-Juarez's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Gomez-Juarez's motion for reduction of sentence under Amendment 782. See, e.g., Chavez-Meza, 138 S. Ct. 1963–68; Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Gomez-Juarez's motion for reduction of sentence [D.E. 322], and DENIES Gomez-Juarez's motion for appointment of counsel [D.E. 330]. Cf. [D.E. 333, 334].

SO ORDERED. This 31 day of July 2018.

JAMES C. DEVER III
Chief United States District Judge